CLOSED

**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DWAYNE GILLISPIE,          : | Civil Action No. 06-4416 (SRC) |
|              Plaintiff,    : | |
|                            : | |
|          v.                : | **O P I N I O N** |
|                            : | |
| CITY OF PATERSON, et al.,  : | |
|              Defendants.   : | |

**APPEARANCES:**

    Dwayne Gillispie, Plaintiff pro se
    309629
    East Jersey State Prison
    Lock Bag R
    Rahway, NJ 07065

**CHESLER,** District Judge

Plaintiff Dwayne Gillispie, currently confined at the East Jersey State Prison, Rahway, New Jersey, seeks to bring this action in forma pauperis, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff also filed an application for declaratory judgment and a preliminary injunction.

Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a), and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that Plaintiff's complaint, as well as his application for injunctive relief, will be dismissed.

## BACKGROUND

The following facts are taken from Plaintiff's complaint and are assumed true for purposes of this review.

Plaintiff states that in 1997, he was arrested after a woman with whom Plaintiff was acquainted contacted the police stating that Plaintiff raped her. Plaintiff states that the arrest was made without probable cause, and that the defendants denied him a prompt judicial determination of probable cause following a warrantless arrest.

Plaintiff raised this issue before the state court in the course of his criminal proceedings. He filed a motion to dismiss the indictment on the grounds that there was no probable cause for his arrest and no probable cause hearing. While the parties agreed that the complaint contained no judicial determination of probable cause, the motion was dismissed based on the return of the indictment by the grand jury.

Plaintiff was tried and convicted of the crimes in 1998. He appealed his conviction, which was affirmed by the New Jersey Superior Court, Appellate Division. Plaintiff then filed a post-conviction relief ("PCR") petition in the trial court asserting a due process violation for the warrantless arrest. The PCR petition was denied by the trial court; the denial is currently on appeal in the Appellate Division.

Plaintiff seeks to sue the following defendants for monetary and injunctive relief: City of Paterson; Detective Pablo Maute; Detective George Jadlos; Sergeant Dolan; Judge Marilyn Clark; Assistant Prosecutor William Gradisher; Deputy Municipal Court Administrator Eleanor Waite; and Assistant Public Defender Salim J. Balady.

## DISCUSSION

### A. Standard of Review

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The

Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice. See Alston v. Parker, 363 F.3d 229 (3d Cir. 2004); Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

**B.   Section 1983**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

>     Constitution and laws, shall be liable to the party
>     injured in an action at law, suit in equity, or other
>     proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   Plaintiff's Complaint Will Be Dismissed.**

    1.   False Arrest Claims

The Fourth Amendment to the United States Constitution provides that "The right of the people to be secure in their persons ... against unreasonable searches and seizures, shall not be violated."  A seizure triggering Fourth Amendment protection occurs when a government actor "by means of physical force or show of authority, has in some way restrained the liberty of a citizen."  Terry v. Ohio, 392 U.S. 1, 19 n.16 (1968).  To determine the reasonableness of a seizure, a court "must balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion."  United

States v. Place, 462 U.S. 696, 703 (1983), quoted in Tennessee v. Garner, 471 U.S. 1, 8 (1985) and Graham v. Connor, 490 U.S. 386, 396 (1989).

It is well-established in the Third Circuit that an arrest without probable cause is a constitutional violation actionable under § 1983.  See Walmsley v. Philadelphia, 872 F.2d 546 (3d Cir. 1989)(citing cases); see also Albright v. Oliver, 510 U.S. 266, 274 (1994)(a section 1983 claim for false arrest may be based upon an individual's Fourth Amendment right to be free from unreasonable seizures).  To state a claim for false arrest, a plaintiff must allege two elements: (1) that there was an arrest; and (2) that the arrest was made without probable cause.  See Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988).  Thus, a defense to an unlawful arrest claim is that the police officer defendants acted with probable cause. See Sharrar v. Felsing, 128 F.3d 810, 817-18 (3d Cir. 1997)(a key element of a § 1983 unlawful arrest claim is that the police officer arrested the plaintiff without probable cause); Groman v. Twp. of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995)("an arrest based on probable cause could not become the source of a [§ 1983] claim for false imprisonment").[1]

---

[1]  The Court notes that a grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983.  See Gatter v. Zappile, 67 F. Supp.2d 515, 519 (E.D. Pa. 1999), aff'd, 225 F.3d 648 (3d Cir. 2000)(citing Kalina v. Fletcher, 522

In a series of cases beginning with <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973), the Supreme Court analyzed the intersection of 42 U.S.C.§ 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  In <u>Preiser</u>, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release.  411 U.S. at 476.  The prisoners did not seek compensatory damages for the loss of their credits.  411 U.S. at 494.  The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  <u>Id.</u> at 500.

In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in <u>Preiser</u>, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding.  Again,

---

U.S. 118, 129 (1997) (noting that a grand jury indictment satisfies the Fourth Amendment's requirement that an arrest warrant must be based on probable cause)(other citations omitted).

the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted). The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will <u>not</u> demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted). The Court further held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." <u>Id.</u> at 489-90.

A § 1983 claim for false arrest typically accrues on the date of the plaintiff's arrest. See Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998); Rose v. Bartle, 871 F.2d 331, 348-51 (3d Cir. 1989). However, as explained, if a judgment on the false arrest claims "would necessarily imply the invalidity of his conviction," Heck v. Humphrey, 512 U.S. 477, 487 (1994), a plaintiff's claim does not accrue until the conviction is overturned or otherwise invalidated. See Gibson v. Superintendent of New Jersey Dept. of Law and Public Safety, 411 F.3d 427, 451-52 (3d Cir. 2005) (holding that claims for illegal search and seizure and the resultant false arrest and false imprisonment, based upon illegal racial profiling, did not accrue until the plaintiff's conviction was overturned). Thus, cases in which the only evidence supporting a conviction is tainted by a possible constitutional violation are perhaps "the quintessential example of when the Heck deferred accrual rule is triggered." Id. at 452 (interpreting Footnote 7 of Heck v. Humphrey, 512 U.S. 477 (1994)).

In this case, Plaintiff was indicted and subsequently convicted for the crimes charged. His PCR petition is currently pending in the state appellate court, and he has not yet sought habeas relief. Because a finding by this Court that Plaintiff's arrest was made without probable cause would necessarily imply the invalidity of his conviction, and because Plaintiff has not

had his case overturned or otherwise invalidated, Plaintiff's claims asserting false arrest are barred by Heck.  Any false arrest claim by Plaintiff will accrue upon the invalidation of his conviction, either in his PCR proceedings or by future habeas review.  At this point, however, Plaintiff's false arrest claim is premature, and must be dismissed, without prejudice.

2. Plaintiff seeks Damages from Immune Defendants

The Court also notes that Plaintiff seeks damages from defendants Marilyn Clark, a Judge in the Superior Court of New Jersey, and William Gradisher, an Assistant Prosecutor in Passaic County.  However, these defendants are immune from suit in this § 1983 action.  See Mireles v. Waco, 502 U.S. 9 (1991)(holding that judges are entitled to absolute immunity from § 1983 suits based on actions taken in their official judicial capacity); Imbler v. Pachtman, 424 U.S. 409, 431 (1976)(holding "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under section 1983").

Thus, Plaintiff's claims against these defendants must be dismissed.

3. Public Defenders are Not State Actors

Further, the Court points out that Plaintiff seeks to sue Assistant Deputy Public Defender Salim J. Balady.  However, "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law'

within the meaning of § 1983." <u>Polk County v. Dodson</u>, 454 U.S. 312, 318 (1981).  Thus, a public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." <u>Id.</u> at 325.

Therefore, Plaintiff's claims against this defendant must be dismissed.

## CONCLUSION

Based on the foregoing, Plaintiff's complaint will be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), for failure to state a claim upon which relief may be granted. Plaintiff's Application for declaratory judgment and preliminary injunction will also be dismissed.[2]

An appropriate Order accompanies this Opinion.

STANLEY R. CHESLER
United States District Judge

Dated:

---

[2] Plaintiff's Application reiterates his claims in the complaint. Plaintiff seeks a declaratory judgment and preliminary injunction based on his argument that his constitutional rights were violated by the warrantless search. However, to secure the extraordinary relief of a preliminary injunction, the plaintiff must demonstrate that "(1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." Maldonado v. Houston, 157 F.3d 179, 184 (3d Cir. 1998), cert. denied, 526 U.S. 1130 (1999). A plaintiff must establish that all four factors favor preliminary relief. See Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187 (3d Cir. 1990). In the instant case, the complaint fails to state a claim upon which relief may be granted, and Plaintiff has not met the requirements to warrant a preliminary injunction. Thus, his Application will be dismissed.